

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CESSALY D. HUTCHINSON,

Plaintiff,

v.

GALE PINES NICHOLSON, et al.,

Defendants.

Case No.:  25-cv-3371-RSH-JLB

**ORDER (1) DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS, AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND**

[ECF No. 2]

On December 1, 2025, plaintiff Cessaly D. Hutchinson, proceeding *pro se*, filed this lawsuit along with a motion to proceed *in forma pauperis* ("IFP"). ECF Nos. 1 ("Compl."); 2. Plaintiff sues three individuals: Gale Pines Nicholson, Phyllis Pines Garnett, and Timothy Nicholson.

//
//
//
//
//
//

1

## I.     MOTION TO PROCEED IFP

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $405.[1] 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a)(1). *See Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011) ("All persons, not just prisoners, may seek IFP status."); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing an inability to pay the required filing fee. 28 U.S.C. § 1915(a). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

Plaintiff's IFP application is incomplete. First, the financial affidavit is not signed. Second, the financial affidavit contains numerous blank entries. Although Plaintiff may intend these blank entries to signify either "$0.00" (in the case of a question calling for a numerical answer) or "none" or "not applicable" (in the case of questions calling for a verbal answer), the Court will not draw these inferences. Third, the financial affidavit states that Plaintiff has been employed with a realty company since May 2024, but appears to reflect that Plaintiff has never received any gross payments from this employment and does not expect to receive any in the next twelve months; although Plaintiff provides additional explanation in her response to Question 11, her response does not explain the lack of any

---

[1]     In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. See 28 U.S.C. § 1914(a); United States Courts, District Court Miscellaneous Fee Schedule § 14 (effective Dec. 1, 2023), https://www.uscourts.gov/servicesforms/fees/district-court-miscellaneous-fee-schedule. The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

gross proceeds from her claimed employment. The Court also notes that the financial affidavit states that Plaintiff resides in Coronado, California, but contains no information reflecting homeownership, or mortgage or rental payments, further suggesting that the affidavit is incomplete.

The Court denies Plaintiff's IFP application without prejudice to timely refiling as set forth below.

## II.    SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

### A.    Legal Standard

A complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to sua sponte review and dismissal should the Court determine, inter alia, that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners."). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In addition to reviewing IFP complaints under § 1915, "[f]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). Courts address the issue of subject matter jurisdiction first, as "[t]he requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the

judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (alteration in original) (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### B.   Discussion

The Complaint seeks damages for assault and battery, emotional distress, libel and slander, false imprisonment, and other financial damages. ECF No. 1 at 3. However, the Complaint does not state a claim for these or any civil cause of action. The Complaint alleges that in September 2025, Plaintiff took a flight to Seattle with Plaintiff's friend and the friend's son, in order to support the friend's daughter at a court appearance. *Id.* at 2. At the courthouse in Seattle, Plaintiff and her friend also met up with the friend's sister. Plaintiff, her friend, and her friend's sister shared a hotel room. One evening at the hotel, Plaintiff and her friend had an argument in which the friend called Plaintiff names, threatened to slap Plaintiff, and threatened not to pay her share of the room. After the friend fell asleep, Plaintiff took a shuttle to the airport. The Complaint contains a vague allegation that Plaintiff now believes that her friend's invitation to Seattle was made in bad faith, and that the friend lured Plaintiff to Seattle "because of an ongoing harassment campaign by a law firm" that Plaintiff previously fired and is suing in Superior Court. The defendants in this case are Plaintiff's friend, her friend's sister, and her friend's son.

The Complaint not only fails to state a claim, it fails to establish federal jurisdiction by pleading a federal claim, or by establishing complete diversity of citizenship between Plaintiff and each of the defendants. *See* 28 U.S.C. § 1331, 1332.

The Court concludes that the Complaint is subject to dismissal for failure to state a claim. To proceed with this action, Plaintiff must do the following within ***thirty (30) days*** of the date of this order: (1) pay the filing fee or file a renewed application to proceed IFP; and (2) file an amended complaint addressing the deficiencies identified herein and establishing a basis for federal subject matter jurisdiction. If Plaintiff fails to timely comply

with the foregoing, the action will be dismissed.

## III.    CONCLUSION

For the foregoing reasons, the Court:

1.    **DENIES** Plaintiff's motion to proceed IFP [ECF No. 2].

2.    **DISMISSES** the Complaint pursuant to 28 U.S.C. § 1915(e)(2).

3.    **GRANTS** Plaintiff ***thirty (30) days*** from the date of this order to both: (1) pay the filing fee or file a renewed application to proceed IFP; and (2) file an amended complaint addressing the deficiencies identified herein and establishing a basis for federal subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: December 3, 2025

_____
Hon. Robert S. Huie
United States District Judge