UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESSALY D. HUTCHINSON,<br><br>                              Plaintiff,<br><br>v.<br><br>GALE PINES NICHOLSON, et al.,<br><br>                              Defendants. | Case No.: 25-cv-3371-RSH-JLB<br><br>**ORDER (1) DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS, AND (2) DISMISSING COMPLAINT**<br><br>[ECF No. 5] |

On December 1, 2025, plaintiff Cessaly D. Hutchinson, proceeding *pro se*, filed this lawsuit along with a motion to proceed *in forma pauperis* ("IFP"). ECF Nos. 1 ("Compl."); 2. Plaintiff sues three individuals: Gale Pines Nicholson, Phyllis Pines Garnett, and Timothy Nicholson.

On December 3, 2025, the Court issued an order (1) denying Plaintiff's IFP motion as incomplete, and (2) dismissing the Complaint pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim. ECF No. 3. The Court granted Plaintiff leave to either pay the filing fee or file a new IFP motion, and to file an amended complaint. *Id.* at 5.

On December 10, 2025, Plaintiff filed her Amended Complaint along with a new IFP motion. ECF Nos. 4, 5.

//

## I. MOTION TO PROCEED IFP

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $405.[1] 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a)(1). *See Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011) ("All persons, not just prisoners, may seek IFP status."); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing an inability to pay the required filing fee. 28 U.S.C. § 1915(a). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

The Court denied Plaintiff's previous IFP application as incomplete. ECF No. 3 at 5. Plaintiff's second IFP application is also incomplete. The application does not indicate whether Plaintiff is employed, identify her employee, or state her gross or take-home pay or wages. *See* ECF No. 5 at 1. Additionally, within the "other income" section, Plaintiff provides no response to three of the six questions, declining to indicate either "Yes" or "No" for each category of income. *See id.* The Court denies the application.

//
//
//

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. See 28 U.S.C. § 1914(a); United States Courts, District Court Miscellaneous Fee Schedule § 14 (effective Dec. 1, 2023), https://www.uscourts.gov/servicesforms/fees/district-court-miscellaneous-fee-schedule. The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

## II. SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

### A. Legal Standard

A complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to *sua sponte* review and dismissal should the Court determine, *inter alia*, that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners."). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In addition to reviewing IFP complaints under § 1915, "[f]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). Courts address the issue of subject matter jurisdiction first, as "[t]he requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (alteration in original) (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

//

**B.    Discussion**

The Court's order of December 3, 2025, discussed the allegations in the Complaint and concluded that—although the Complaint states that it seeks damages for assault and battery, emotional distress, libel and slander, false imprisonment, and other financial damages—the Complaint failed to state any claim. ECF No. 3 at 4. The Court also noted that the Complaint failed to establish federal jurisdiction by pleading a federal claim, or by establishing complete diversity of citizenship between Plaintiff and each of the defendants. *Id.* The Court granted Plaintiff thirty days to "file an amended complaint addressing the deficiencies identified herein and establishing a basis for federal subject matter jurisdiction." *Id.* at 5.

The Amended Complaint does not overcome the pleading deficiencies previously identified. The allegations in the Amended Complaint are substantially similar to those in the Complaint. The Amended Complaint contains a reference to a federal statute, 18 U.S.C. § 241, but this statute is a criminal provision for conspiracy against civil rights, and does not confer a private right of action. Additionally, the Amended Complaint does not plead a civil cause of action for violation of civil rights. No defendant is alleged to have acted under color of law. The Court concludes that the Amended Complaint fails to state a claim or properly invoke federal jurisdiction. The Court concludes that further amendment would be futile and declines to grant leave to amend.

**III.    CONCLUSION**

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to proceed IFP [ECF No. 5] and **DISMISSES** the Complaint pursuant to 28 U.S.C. § 1915(e)(2) without leave to amend. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: January 7, 2026

*Robert S. Huie*

Hon. Robert S. Huie
United States District Judge